**Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**MARINE COOKS & STEWARDS UNION, an unincorporated association, Defendant.**

**No. 39991.**

United States District Court
N. D. California, S. D.

May 17, 1962.

Cecil F. Poole, U. S. Atty., William H. Orrick, Jr., Asst. Atty. Gen., Donald B. MacGuiness, Charles Donnenfeld, Attys., Dept. of Justice, for plaintiff.

Roos, Jennings, Haid & Gartland, San Francisco, Cal., for defendant.

HARRIS, Chief Judge..

In this case which arises under 29 U. S.C.A. § 482(b) the Secretary of Labor has presented two questions to the Court in connection with the conduct of an election for officers to be held by the defendant union. The previous dispute over the propriety of an election heretofore conducted was resolved by the parties who have agreed to hold a new election conducted under the supervision of the Secretary of Labor.

The two questions presented to the Court are as follows: (1) Are employees hired under shipping rules who have seniority status but are not full-book union members entitled to vote under the provisions of the Labor-Management Reporting and Disclosure Act of 1959; (2) Must the union make available an absentee ballot or other means of voting for members who have no access to a designated polling place during the period of an election?

There is no dispute that only members of the union are guaranteed the right to vote for officers. Thus, the sole question presented to the Court is whether individuals who have certain seniority rights but are not deemed to be members of defendant union may vote in the coming election. A review of the Labor Management Relations Act, the constitution of the union, and the legal

authorities which have passed upon the question of membership for voting purposes leads to the conclusion that only those individuals who are classified as Class A and who have paid the union's initiation fee of $150 are "full-book members" and are eligible to vote.

It is true that under the rules of the union constitution, an individual must serve for an extended period at sea during three years of shipping before he is eligible to become a full-book member and that such protracted period precludes many individuals from becoming eligible to vote, but it is not for the Court to upset such membership requirement unless it be deemed arbitrary and capricious or otherwise unreasonable. The peculiar circumstances under which men ship at sea are such as to warrant the imposition of conditions which assure stability of employment over a period of time. This the union has sought to do. It might well be that the condition imposed by the union is unnecessarily long as viewed by the Court; but it is not for this tribunal to impose its concept of a proper period upon the union. Accordingly, the Court finds that only full-book members are eligible to vote in the election to be conducted by the Secretary of Labor.

■ With respect to absentee ballots, for which the union makes no provision, the Court observes that defendant concedes that "the practicalities of the situation being what they are in a close contest mail ballots may possess substantial material value." This statement is advanced as an argument in opposition to absentee ballots because the union is fearful that men may be subject to pressures when away from a proper polling place. However, it is to be noted that an absentee ballot need not be conducted by mail. There are several means for permitting seamen, who will not be available during a voting period, to cast a ballot without resorting to the use of the mails. Plaintiff, in its brief, suggests one such device which will assure all members of the right to vote without interfering with the fair handling of an election.

The Court is not asked to promulgate machinery for the conduct of an election with the use of absentee ballots. Rather, its sole function is that of determining the propriety under the Labor-Management Reporting and Disclosure Act of 1959 of requiring the union to make available such ballot for its members. The answer to this question is in the affirmative, namely, that defendant shall provide means of voting for members who have no access, by reason of their shipping assignments, to a designated polling place during the period of the election.

Judgment shall be prepared consistent with this memorandum.